[No. 13565.   Department Two. — August 1, 1890.]

# THE PEOPLE, RESPONDENT, *v.* HONG TONG, APPELLANT.

CRIMINAL LAW — ROBBERY — EVIDENCE — ALIBI — FLIGHT OF DEFENDANT —
INSTRUCTION AS TO CORROBORATION. — When the witnesses for the prosecution, upon trial of a defendant charged with robbery, have testified that the robbery occurred after dark, and that they were not personally acquainted with the defendant, and that other persons were with defendant, and ran away with him in different directions, when defendant grabbed the money and ran away, and there is no other evidence of the flight of defendant, and where equally credible witnesses for the defendant have testified that defendant was ill and in bed at the time of the alleged robbery, an instruction to the jury that such flight is a corroborating circumstance which, with other evidence, may be sufficient to justify a verdict against the defendant, is ground for a new trial, as being misleading, and liable to prejudice the case of the defendant by leading the jury to assume that the witnesses for the prosecution were corroborated by other evidence of the flight.

ID. — CORROBORATION OF WITNESS. — The testimony of a witness is said to be corroborated when it is shown to correspond with the representation of some other witness, or to comport with some facts otherwise known or established.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Brunson, Wilson & Lamme,* for Appellant.

*Attorney-General Johnson,* for Respondent.

SHARPSTEIN, J. — The defendant, charged with robbery, was tried, convicted, and sentenced to two years imprisonment in the state prison. He moved for a new trial, — 1. Because the court misdirected the jury in matters of law, and erred in questions of law during the trial; 2. Because the verdict is contrary to law and the evidence.

The motion was heard upon a bill of exceptions, and denied.

This appeal is from the judgment, and the order denying the motion for a new trial.

The witnesses for the prosecution were two Chinese, Ching Sue and Ah Look, who testified that they met each other in an alley in Los Angeles on the twenty-seventh day of December, 1888, about nine o'clock, P. M., when Ching Sue handed Ah Look thirty-five dollars, and while counting it over, the defendant grabbed it and ran away. Ching Sue testified that he thought he had never before seen the defendant. He further testified that there were three or four Chinamen with the party who took the money, and ran away with him, "two one way, and two the other." He did not think that he had ever seen any of them prior to that time.

Ah Look, a witness for the prosecution, testified that he had known the defendant by sight a little over a year, but was not personally acquainted. His testimony is substantially the same as that of Ching Sue. Both testify that it was quite dark, but there was a light shining through the window of a barber-shop, sufficient for them to see the features of the person who grabbed the money.

Ah Hop, a witness called by the defendant, testified that he was with the defendant from five o'clock, P. M., until eleven o'clock, P. M., and that the defendant was ill and in bed, and that Dr. Hop Seing was there and prescribed for defendant.

Defendant substantially testified to the same effect, and also testified that he never knew or saw Ching Sue or Ah Look before he, defendant, was arrested.

The witnesses were all Chinese, and, as appears by the record, equally credible.

When the court had apparently concluded its charge to the jury, the district attorney said: " I would like to have your honor charge them with the flight of the defendant." The court replied: " I don't know, — O, the flight at the time of the occurrence? "

District attorney: " Yes, sir."

Whereupon the court addressed the jury as follows:

" Gentlemen of the jury, there may be another corroborating circumstance in the evidence of flight. While not of itself evidence of guilt, it is evidence which goes in some degree, greater or less, to show guilt. It is a corroborating circumstance which, with other evidence, may be sufficient to justify a verdict against the defendant."

From our point of view, this appears to be misleading, and liable to prejudice the case of the defendant.

In the first place, the witnesses who testified to the robbery were not corroborated by evidence of the flight of the defendant. No other witness testified to his flight. The testimony of a witness is said to be corroborated when it is shown to correspond with the representation of some other witness, or to comport with some facts otherwise known or established. The evidence of the witnesses who testified to the robbery was in no sense corroborated by their testifying that after committing the robbery the defendant fled. We think any jury would have understood the court to mean that the evidence of the witnesses for the prosecution was corroborated in some degree, greater or less, by evidence of the flight of the defendant. That being so, it is quite clear that the error might, and probably did, affect a substantial right of the defendant, for which he is entitled to a new trial.

Judgment and order reversed, and cause remanded for a new trial.

THORNTON, J., and McFARLAND, J., concurred.