PEOPLE, PLAINTIFF AND APPELLEE, v. BUXÓ, DEFENDANT
AND APPELLANT.

APPEAL from the District Court of Humacao in a Prosecution
for Violation of the Internal Revenue Law.

No. 1594.—Decided February 4, 1921.

INTERNAL REVENUE—DISTILLERY—PLEADING.—A charge of owning or being in
possession of a still without complying with the requirements prescribed by
section 61 of the Internal Revenue Law does not charge more than one of-
fense because it further alleges that the still was seized while mounted and
distilling alcohol.

ID.—ID.—ID.—ACCOMPLICE—EVIDENCE.—The general rule for determining whether
a witness is an accomplice of the defendant is whether he could be charged
with the same offense, for if he can not, then he is not an accomplice; there-
fore under an information for violating section 61 of the Internal Revenue
Law, that is, for having a still which is not registered in the Treasury De-
partment of Porto Rico, the persons who assisted the defendant in the un-
lawful distilling are not accomplices of the defendant and their testimony
needs no corroboration.

The facts are stated in the opinion.

Messrs. C. B. Buitrago, Luis Pereyó and F. Martínez for
the appellant.

Mr. José E. Figueras, Fiscal, for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Of the three errors assigned by the appellant in this ap-
peal, based on the demurrer interposed by him to the com-
plaint in the trial court, the first two were discussed and
disposed of by this court in the case of People v. Miranda,
ante, page 65, in which these two questions were raised and
it was held that the errors assigned were not committed.
That decision is applicable to this case.

The third error assigned is that the facts alleged in the
complaint charge more than one offense.

The complaint charged the appellant with a violation of
section 61 of the Internal Revenue Law of June 15, 1919,
consisting in "being in the possession of and having at his
disposal as owner a still for distilling alcohol, without hav-
ing registered it in the office of the Treasurer of Porto Rico

and without signing and filing with the Treasurer a declaration in due form. The said still was seized while mounted and distilling alcohol and is placed at the disposal of the court for such purposes as it may serve.''

Although the appellant alleges that by that complaint he is charged with the offense of having in his possession a still for distilling alcohol without having registered it in the office of the Treasurer of Porto Rico and also with the offense of distilling alcohol, we are convinced that the language of the complaint neither justifies that conclusion nor puts the defendant in the position of not knowing which of the two charges he has to defend himself against, for not only from the citation of the section of the law alleged to have been violated, but also from the language of the complaint, any person can easily understand that he is charged with having in his possession a still for distilling alcohol without having registered it in the office of the Treasurer of Porto Rico and that the statement that the still was seized while mounted and distilling alcohol can have no other purpose than to show that the still was one for distilling alcohol and was not only complete but was distilling alcohol, or, in other words, that it was a real still.

The evidence introduced by the district attorney at the trial with regard to the possession of the still by the appellant consisted only of the testimony of Juan Gómez and Antero Roldán who were working in the distillery as employees of the appellant, for although the prosecuting witness, a policeman, also testified, he knew nothing of his own knowledge regarding that point, and it is alleged in this appeal, as the fourth and last assignment of error, that the lower court overruled the appellant's motion for acquittal, made after the district attorney had rested his case, on the ground of insufficiency of the evidence for the prosecution to support a judgment of conviction because the said witnesses were accomplices and their testimony had not been

corroborated as required by section 253 of the Code of Criminal Procedure.

Under the Common Law the uncorroborated testimony of accomplices is sufficient to support a judgment of conviction, albeit their credibility should be considered by the jury forasmuch as this testimony is not of the most satisfactory nature. For this reason some Legislatures, as our own, have preferred to enact that a person can not be convicted on the testimony of an accomplice unless it is corroborated. The generally accepted test of whether a witness is an accomplice is whether or not he could have been charged with the same offense, for if not he can not be considered as an accomplice (1 R. C. L., page 157); and the participation of the accomplice must be in the same offense, it not being sufficient that he participated in other similar offenses. An accomplice is one who co-operates or assists in the commission of a crime, and in the cases of *People* v. *Van Sternberg,* 111 Cal. 3, 43 Pac. 1918, and *United States* v. *Van Leuven,* 65 Fed. 78, cited in 98 Am. St. Rep. 159, it was held that the complicity must be in the particular offense charged, and that it is not enough that it is in other similar crimes. Inasmuch as in the present case the offense charged is that the appellant failed to register in the office of the Treasurer of Porto Rico the possession of his still, as required by section 61 of the Internal Revenue Law, in which omission witnesses Gómez and Roldán had no participation, they can not be considered as accomplices in that offense and therefore their testimony need not be corroborated, although they may have been accomplices in the crime of distilling alcohol; but that was not the crime charged.

The judgment appealed from must be

*Affirmed.*

Chief Justice Hernández and Justices Wolf, Del Toro and Hutchison concurred.