EL PUEBLO, DEMANDANTE Y APELADO, *v.* BUXÓ, ACUSADO
Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Humacao en causa por infracción a la Ley de. Arbitrios.

No. 1594.—Resuelto en febrero 4, 1921.

ARBITRIOS—ALAMBIQUES—REPAROS A LA DENUNCIA—DENUNCIA SUFICIENTE.—Una denuncia por tenencia o posesión de un alambique sin cumplir con los requisitos exigidos por la sección 61 de la Ley de Arbitrios no imputa más de un delito por el hecho de que exprese además que el alambique fué ocupado completo y destilando alcohol.

ID.—ID.—CÓMPLICES—CORROBORACIÓN INNECESARIA.—La regla general admitida, para comprobar si un testigo es cómplice o no, es la de si podría ser acusado del delito que se investiga, pues si no puede serlo estonces no es cómplice; por lo que, en una denuncia por infracción a la sección 61 de la Ley de Arbitrios, o sea por tener un alambique de destilar alcohol sin haberlo inscrito en la Tesorería de Puerto Rico, no son cómplices de tal delito las personas que ayudaban al acusado en la destilación clandestina y por tanto sus declaraciones no necesitan ser corroboradas.

Los hechos están expresados en la opinión.

Abogados del apelante: *Sres. C. B. Buitrago, L. Fereyó* y *F. Martínez.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

De los tres motivos de error alegados por el apelante en este recurso fundados en la excepción perentoria que opuso en la corte inferior a la denuncia, los dos primeros han sido considerados y resueltos por nosotros al decidir el día 31 de enero último la apelación en el caso de *El Pueblo v. Miranda,* 29 D. P. R. 71, en la que se suscitaron esas dos cuestiones y declaramos que no existían los errores que en ellas se alegaban, doctrina que es aplicable en este caso.

En cuanto al tercero se funda en que los hechos expuestos en la denuncia comprenden más de un delito.

En la denuncia se imputó al apelante que infringió la Ley de Arbitrios de 15 de junio de 1919 en su sección 61, "estando en posesión y a su disposición como dueño de un alambique para destilar alcohol, sin haberlo inscrito en la Tesorería de Puerto Rico, y firmado y archivado una declaración por escrito en la forma debida, con el Tesorero. Dicho alambique fué ocupado completo, montado, destilando alcohol, y se pone a la disposición de la honorable corte, para los fines de la ley."

Aunque el apelante alega que en esa denuncia se le imputa el delito de tener en su poder un alambique para destilar alcohol sin haberlo inscrito en la Tesorería de Puerto Rico y también el de estar destilando alcohol, sin embargo estamos convencidos de que las palabras de la denuncia no llevan a esa conclusión ni ponen al acusado en situación de no saber de cuál de esos dos cargos ha de defenderse, pues no sólo por la cita que se hace de la ley y sección que se dice infringida sino también por la redacción de la denuncia cualquiera persona puede comprender fácilmente que la imputación se hace por tener en su posesión un alambique para destilar alcohol sin haberlo inscrito en la Tesorería de Puerto Rico y que las palabras referentes a que el alambique fué ocupado completo y destilando alcohol no pueden tener ni tienen otro objeto que el de demostrar que se trataba de un alambique para destilar alcohol, que no solamente estaba completo sino que lo destilaba, o en otras palabras que era un verdadero alambique.

La evidencia que se presentó por el fiscal en el juicio con respecto a la posesión del alambique por el apelante consistió únicamente en las declaraciones de Juan Gómez y de Antero Roldán que trabajaban en el alambique destilando alcohol como empleados del apelante, pues aunque también declaró el policía denunciante, nada sabe de propio conocimiento respecto a dicho extremo, y se alega en este recurso como cuarto y último motivo de error el de haber

desestimado la corte inferior la petición que le hizo el apelante al terminar su prueba el fiscal para que lo absolviera, fundada en ser insuficiente la prueba de la acusación para dictar sentencia condenatoria porque siendo cómplices dichos testigos sus declaraciones no han sido corroboradas como lo exige el artículo 253 del Código de Enjuiciamiento Criminal.

De acuerdo con la Ley Común las declaraciones de los cómplices son bastantes para sostener una sentencia condenatoria aunque no hayan sido corroboradas, si bien su credibilidad debe ser considerada por el jurado teniendo en cuenta que no son del más satisfactorio carácter. Por esto algunas legislaciones, como la nuestra, han preferido declarar que una persona no puede ser convicta por la declaración de un cómplice a menos que esté corroborada. La regla general admitida para comprobar si un testigo es cómplice o no es la de si podría ser acusado por el mismo delito que se investiga pues si no puede serlo entonces no puede ser considerado como tal (1 R. C. L. página 157); y la participación del cómplice debe ser en el mismo delito que se persigue sin que sea bastante que la tenga en otros delitos similares. Un cómplice en un crimen es el que coopera o ayuda a su comisón, y en el caso de *People* v. *L. Sternberg,* 111 Cal. 3, 43 Pac. 198; *United States* v. *Van Leuven,* 65 Fed. 78, citados en 98 American State Report, 159, se declaró que la complicidad debe ser en el delito perseguido sin que sea bastante que sea en otros delitos similares; y como en el presente caso el delito que se persigue es el de no haber registrado el apelante en la Tesorería de Puerto Rico la posesión de su alambique, según dispone la sección 61 de la Ley de Arbitrios, en cuyo hecho no han tenido participación alguna los testigos Gómez y Roldán, no pueden ser considerados como cómplices de ese delito y por tanto no tenían que ser corroboradas sus declaraciones, aunque puedan ser

cómplices en el delito de destilar alcohol, que es distinto al que es objeto de este procedimiento.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, del Toro y Hutchison.