EL PUEBLO, DEMANDANTE Y APELADO, *v.* MÉNDEZ, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Aguadilla, en causa por acometimiento y agresión simple.

No. 1871.—Resuelto en febrero 25, 1922.

ACOMETIMIENTO Y AGRESIÓN—PRUEBA ADMISIBLE.—En un caso de acometimiento y agresión la admisión de prueba sobre el estado de salud de la víctima al tiempo de celebrarse el juicio, en relación con los golpes recibidos, no constituye un error perjudicial al acusado.

ID.—ALEGACIONES—PRUEBA.—La admisión de prueba sobre hechos alegados en la denuncia, cuando a ésta no se ha hecho objeción por el acusado, no puede considerarse como un error perjudicial.

ID. — DISCRECIÓN JUDICIAL. — Las cortes tienen poder discrecional para volver a abrir un caso y permitir al demandante presentar prueba, después de haberse presentado una moción de *nonsuit*.

Los hechos están expresados en la opinión.

Abogado del apelante: Sr. J. B. García Méndez.

Abogado del apelado: Sr. José E. Figueras, Fiscal.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Eduardo Méndez fué declarado culpable en la Corte de Distrito de Aguadilla de un delito de acometimiento y agresión simple.

Varios son los errores que han sido alegados. Después de discutir los dos primeros señalamientos de error dice muy propiamente el apelante que no afectaban a la esencia de la

causa y creemos que no perjudicaron en absoluto aún siendo erróneos. Uno de estos alegados errores fué que la corte permitió al perjudicado declarar que todavía estaba sufriendo de la hincada. Dado el carácter grave e injustificado de la agresión no podía perjudicar al apelante el hecho de que se permitiera manifestar al muchacho que todavía se encontraba sufriendo de la hincada. De igual manera era un error que no perjudicaba, de serlo, permitir a un testigo declarar que él vió los golpes que se dieron al perjudicado después del accidente. Aunque las circunstancias agravantes no dependían de la naturaleza de los golpes sufridos, sin embargo en la denuncia se mencionaban sin que se hubiera formulado objeción y asimismo se permitió a un médico declarar en cuanto a estos golpes también sin hacerse objeción. Creemos en lo que respecta a este testigo que no hubo error ni prejuicio.

El fiscal inadvertidamente terminó su caso sin probar la fecha y lugar del delito y las circunstancias agravantes, y el apelante presentó una moción de *non suit.* El fiscal presentó entonces una moción para que se citara a cierta persona que decía era la verdadera persona denunciante. La corte declaró sin lugar la moción de *non suit* y permitió declarar al alegado testigo. Esta situación ha sido precisamente considerada en nuestra decisión en el caso de *El Pueblo* v. *Hernández,* resuelto en diciembre 13, 1921, (*pág.* 21) en donde dijimos lo siguiente:

"Pero de todos modos, cualquier duda que hubiera habido sobre la jurisdicción de la corte quedó desvanecida por la explicación que dió el testigo Azpurúa después de presentada la moción de *non suit.* Y no cometió error la corte al admitir que Azpurúa declarara cuando la moción de *non suit* había sido ya presentada, pues tenía poder discrecional para proceder así. *El Pueblo* v. *Julián,* 18 D. P. R. 940; 16 C. J., páginas 870 y siguientes."

Con esto quedan resueltos los señalamientos tercero y cuarto.

El quinto señalamiento es asimismo ineficaz para el apelante. Un testigo prestó juramento por la mañana y se le permitió sin embargo declarar por la tarde del mismo día. Habiendo jurado declarar la verdad en el caso por la mañana no había necesidad de tomarle juramento otra vez por la tarde.

La sentencia apelada debe ser confirmada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.