EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* Domingo COLLAZO, acusado y apelante.

Nos. 3500–01.—*Vistos:* Diciembre 6, 1928. *Resueltos:* Diciembre 24, 1928.

*Pedro E. Anglade* y *R. Martínez Nadal,* abogados del apelante; *José E. Figueras* abogado de *El Pueblo,* apelado.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Estos dos casos fueron oídos conjuntamente, y las cuestiones que se presentan para resolución son las mismas.

Domingo Collazo fué denunciado ante la corte municipal de Guayama, por explotación de menores y por infracción de la Ley Nacional de Prohibición, en dos denuncias separadas, en las que se le acusó de que, por medio de su empleado y dependiente Julio Santana, y en la tienda de su propiedad, vendió al menor de 16 años Salvador Santiago, media botella de ron, bebida alcohólica. Los dos casos fueron vistos por aquella corte, y luego, en apelación por la de Distrito de Guayama, que declaró al acusado culpable, y le condenó a

sufrir quince días de cárcel por el de explotación de menores; y a pagar quinientos dollars de multa y sufrir tres meses de cárcel, por el de infracción de la Ley Nacional de Prohibición.

Al empezar el juicio, en ambos casos, el acusado presentó una moción para el sobreseimiento, invocando los artículos 451 y 452 del Código de Enjuiciamiento Criminal, y fundándose en que el tribunal inferior había decretado de propia moción el sobreseimiento en los dos casos. Se opuso el fiscal, y determinó el juez oír la prueba. Se probó que la Corte Municipal de Guayama, conoció originalmente de las denuncias contra Domingo Collazo, por explotación de menores y por infracción de la ley de prohibición, y en los dos casos dictó resolución ordenando el archivo, pero ordenando también la presentación de nuevas denuncias, que fueron presentadas, y seguido el procedimiento la misma corte condenó al acusado a pagar diez dollars de multa en el caso por explotación de menores, y a dos meses de cárcel y a pagar quinientos dollars de multa en el caso por infracción de la ley de prohibición. Las mociones de sobreseimiento fueron declaradas sin lugar, y el acusado tomó excepción.

La prueba fué la siguiente:

El testigo Rafael Milán, cabo de la Policía Insular que prestaba servicios en Guayama, dijo que como a las 9 de la noche del 4 de junio de 1927, sorprendió en la calle de Derkes, en Guayama, al menor Salvador Santiago con media botella de ron; que fué luego el testigo con el investigador de rentas internas, y un guardia a registrar el establecimiento de Domingo Collazo, en el que no encontraron licor alguno; que el testigo en otra ocasión denunció a Collazo por tenencia y venta ilegales de licores embriagantes; que fué a registrar la tienda de Collazo una hora después de haber detenido a Salvador Santiago con el licor.

Salvador Santiago declaró que tiene quince años; que el

4 de junio de 1927 vió a Domingo Collazo en su tienda en la calle de Derkes en Guayama, adonde había ido a comprar; que no compró licor, ni le fué ocupada botella alguna; que ante el juez municipal había declarado que compró una botella o media botella, porque el cabo Milán le dijo que declarara que la había comprado a Domingo Collazo, y le ofreció palos; y el testigo lo dijo para no estar de malas con el cabo. Se le da a leer una declaración, y la niega.

Julio Santana, que era dependiente del acusado en la fecha a que se refiere la denuncia, dijo que en esa fecha, 4 de junio de 1927, le vendió a Salvador Santiago media botella de ron, en 50 centavos; que el ron era de Domingo Collazo; que lo tenía en la caja, cuya llave pidió el testigo al acusado; que se la dió para vender el ron, y que el testigo estaba autorizado e instruido por Collazo para vender; que los 50 centavos los cogió Collazo, quien estaba presente cuando se vendió el ron; el testigo dice que sabía que esa venta era un delito, pero él estaba autorizado por Collazo para hacerla. La defensa pidió se eliminara la declaración por ser la prueba de un cómplice. La corte denegó la moción, tomando excepción la defensa.

El testigo Rafael Milán declaró de nuevo para reconocer la botella que había ocupado a Santiago. Declaró Gumersindo Sánchez, secretario de la corte municipal de Guayama, para presentar la sentencia en un caso anterior contra Domingo Collazo por infracción a la ley de prohibición; y en el mismo sentido Luis F. Camacho, Juez Municipal de Guayama; y de nuevo Rafael Milán, para decir que él había hecho la denuncia en el primer caso.

Por la defensa declararon varios testigos para probar que en la noche del 4 de junio de 1927 de ocho a nueve no hubo transacción alguna sobre licores en la tienda de Collazo. Y declararon también Juan Silva Ocasio, agente de Rentas Internas en Guayama, y Andrés Carire, guardia de Policía Insular, que el 4 de junio hicieron un registro en el esta-

blecimiento de Domingo Collazo, en la registradora y en la caja, y no encontraron ron, ni alcohol; el registro se hizo entre nueve y media y diez de la noche. Declaró el acusado que él había despedido a su dependiente Julio Santana, porque supo que había vendido media botella de ron, porque se lo dijo al acusado el márshal.

Esa fué, sustancialmente, la prueba.

Ahora se señalan por el apelante tres errores. Se refiere el primero a la desestimación de la moción de sobreseimiento; el segundo a la negativa a eliminar la declaración de Julio Santana; y el tercero a la apreciación de la prueba.

El extremo principal de esta apelación es el que se refiere a la prueba por medio de la declaración de Julio Santana. Este testigo dijo que él sabía que al vender la media botella de ron, cometía un delito. Es un coautor o un cómplice, si su declaración se estima cierta. Y en ese caso es necesaria la corroboración en la forma y términos que exige el artículo 253 del Código de Enjuiciamiento Criminal.

"La regla general admitida para comprobar si un testigo es cómplice o no, es la de si podría ser acusado por el mismo delito que se investiga, pues si no puede serlo entonces no puede ser considerado como tal . . .

"Un cómplice en un crimen es el que coopera o ayuda a su comisión."

Esto ha sostenido este tribunal en el caso *El Pueblo* v. *Buxó,* 29 D.P.R. 81.

En el caso *El Pueblo* v. *Martínez,* 32 D.P.R. 957, el acusado-apelante fué absuelto, porque la prueba que conectaba al acusado con el delito era la declaración, no corroborada, de un cómplice.

En esta jurisdicción se ha sostenido siempre la doctrina legal que declara que el testimonio no corroborado de un cómplice no es suficiente para declarar culpable al acusado.

El testigo Julio Santana era sin duda un cómplice, si su declaración se acepta. El, según dijo, cooperó a la reali-

zación del delito, de tal forma que ha podido ser por el mismo perseguido, sujeto a proceso, y condenado. Y su declaración no tiene corroboración alguna.

Se cometieron por la corte los errores que se marcan por el apelante bajo los números dos y tres. Y así resuelto esto, no es necesario estudiar el primer error que se señala.

*Debe revocarse la sentencia apelada, y dictarse otra absolviendo al acusado y apelante, en los dos casos.*