El Pueblo de Puerto Rico, demandante y apelado, *v.* Casto Ramírez, acusado y apelante.

Núm. 7147.—*Sometido:* Noviembre 10, 1938. *Resuelto:* Enero 25, 1939.

*Carlos García Méndez,* abogado del apelante; *R. A. Gómez, Fiscal,*
y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR TRAVIESO emitió la opinión del
tribunal.

El jefe de la policía de Cabo Rojo formuló una denuncia
contra el acusado Casto Ramírez, porque ''...ilegal, volun-
taria y maliciosamente, a sabiendas explotaba el negocio y
puso en circulación para la venta billetes, papeletas, boletos
o números, por medio de agentes, y como dueño, director y
administrador de la misma, de una banca de la bolita o
*bolipool* denominada 'K. K. L.,' que es una lotería clandes-
tina expresamente prohibida por la ley, la cual lotería admi-
nistró y dirigió y tiró el día 10 de octubre de 1937 el aquí acu-
sado Casto Ramírez, a sabiendas de que se utilizan y se
estaban utilizando en el juego ilegal de la bolita o *bolipool*
los ya dichos billetes, papeletas, boletos o números, siendo
el premio mayor de $200 para aquellas personas que los com-
praran y tuvieran o corrieran la suerte o la aventura de obte-
ner el referido premio si el número comprado por estas per-
sonas o persona salía agraciado en el orden de sus tres cifras
y que concuerden con las últimas tres cifras del número agra-
ciado con el premio mayor de la lotería Nacional Domini-
cana...''

El acusado fué convicto en la Corte Municipal de Cabo
Rojo, y más tarde en la de Distrito de Mayagüez, de donde
procede esta apelación.

El apelante sostiene que la corte *a quo* erró al no elimi-
nar la declaración sin corroborar de una cómplice y al decla-
rarle culpable en ausencia de prueba suficiente. Discutiremos
conjuntamente los errores señalados.

██ El primer testigo del fiscal, el jefe de la policía, declaró por referencia, así es que podemos prescindir de su testimonio. No así en cuanto al de Carmen Lavezzari, cómplice del acusado a quien se refiere el primer señalamiento. Declaró esta testigo que Casto Ramírez era dueño de una banca de *bolipool* que administraban ambos; que ella vendía los tickets que el acusado le llevaba, y más tarde le entregaba su importe; que en ocasiones anteriores ha visto dos tickets que el fiscal le muestra, que llevan el número 578 y pertenecen a la banca K. K. L., propiedad de Casto Ramírez; que dichos tickets fueron vendidos por José Rodríguez y salieron premiados; que Casto Ramírez no los pagó cuando Rodríguez los fué a cobrar; que eso sucedió en octubre de 1937; que ella no vende los tickets de la banca sino que los reparte.

El siguiente testigo del fiscal, José Rodríguez, declaró substancialmente que por encargo de Marta Beatriz González, y por cuenta de ella, compró a Carmen Lavezzari los tickets premiados, y que el acusado se negó a pagarlos; que obtuvo los referidos tickets de éste para entregarlos a la Lavezzari; que de propio conocimiento sabía que Ramírez era dueño de una banca de *bolipool*; que también sabe que los tickets premiados fueron entregados por el acusado a Carmen Lavezzari.

Podemos prescindir también de lo declarado por la testigo Marta Beatriz González, que se limitó a decir cuanto ya sabemos por José Rodríguez en lo referente a ella, y además que, imposibilitada de cobrar los tickets, se los entregó a su abogado Pedro Baigés Gómez para que gestionara su cobro.

Baigés Gómez declaró que el día 14 de octubre de 1937 Marta Beatriz González le entregó los tickets de *bolipool* que el fiscal le mostró, que llevan el número 578; que entonces fué a visitar a Casto Ramírez, en gestiones de cobro de la cantidad de $100.00 con que fueron agraciados los tickets; que Casto Ramírez le contestó que los $100 del premio los

había entregado a Carmen Lavezzari para que ésta a su vez los entregara a Marta Beatriz González; que en última instancia entregó personalmente los tickets al juez municipal.

Esa fué toda la prueba testifical del fiscal; la documental consistió de los tickets. Apreciándola en conjunto, es a nuestro juicio suficiente para sostener la sentencia recaída. No es necesario, como alega el acusado, ser "... sorprendido portando o conduciendo o vendiendo o administrando o dirigiendo y tirando ... el juego ilegal de *bolipool*." En *El Pueblo* v. *Morales,* 51 D.P.R. 204, resolvimos:

"... La sección 2 de la Ley núm. 25 de 1935 ordena a la Policía Insular ocupar y poner a disposición de la corte municipal correspondiente cualesquiera artefactos, materiales, enseres o implementos *que se estén utilizando* para llevar a efecto juegos prohibidos conocidos por 'bolita' y 'boli-pool,' y arrestar y denunciar a las personas que violen dicha Ley. Y la sección 4 de la misma ley dispone:

" '. . . . y todo dueño, apoderado, agente, encargado, director o administrador de los juegos prohibidos por esta Ley, convicto que fuere, podrá ser castigado a pagar una multa no menor de cien (100) dólares ni mayor de doscientos (200) dólares,' etc.

"La prueba demuestra que la Policía, habiendo tenido conocimiento de que en el barrio Las Cuevas se estaba llevando a efecto un juego de 'bolita,' bajo la denominación de 'La Estrella,' procedió a practicar un registro en la casa de la persona de quien tenían sospechas y a quien creían ser dueña o encargada o administradora de dicho juego. Los efectos encontrados debajo de la cama de la acusada eran evidentemente de la clase de los que se usan corrientemente para dicho juego. No era necesario que dichos efectos se estuvieran usando en el preciso momento en que fueron ocupados por la policía."

Por las razones aducidas, debe desestimarse el segundo señalamiento de error.

El primero tampoco se cometió. Cierto es que este tribunal ha resuelto que el testimonio no corroborado de un cómplice no es suficiente para declarar culpable a un acusado. *El Pueblo* v. *Collazo,* 38 D.P.R. 991. Pero esa regla no tiene aplicación al presente caso, porque la declaración de Carmen Lavezzari, cómplice del acusado Casto Ramírez, fué

corroborada por la del abogado Baigés Gómez, quien le mere-- ció entero crédito a la corte inferior, de acuerdo con sus propias manifestaciones y quien no era un cómplice de Ramírez. De ser cierto lo declarado por este testigo, y nosotros no podemos presumir lo contrario, el acusado admitió que había pagado el premio correspondiente a los tickets número 578 a Carmen Lavezzari, corroborando así el resto de la evidencia.

*Debe confirmarse la sentencia apelada.*

El Juez Presidente Sr. Del Toro no intervino.