EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* DANIEL ROSARIO MAYSONET o DANIEL ROSADO, conocido por El Mula, acusado y apelante.

Núm. 12607.—*Sometido:* Marzo 12, 1948. *Resuelto:* Abril 8, 1948.

*Edgar S. Belaval,* abogado del apelante; *Hon. Procurador General Luis Negrón Fernández* y *J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

Daniel Rosario Maysonet fué acusado de un delito de hurto mayor subsiguiente, convicto por un tribunal de derecho del delito imputádole y sentenciado a sufrir la pena de doce años de presidio con trabajos forzados. Alega en este recurso, en primer término, que la corte inferior erró al admitir en evidencia dos fotografías marcadas *Exhibits* 1 y 2 de El Pueblo. Las fotografías marcadas a cuya admisión se opuso el acusado, fueron dos ampliaciones de las tomadas por el fotógrafo Sr. Casenave, quien declaró, en síntesis, que éstas se hicieron de un negativo de unas fotografías tomadas por él cuando trajeron los cadáveres del desastre aéreo de Nipe a Puerto Rico; que las mismas representaban una ampliación de los negativos que él tomó; que dicha ampliación la hizo el Sr. Tomás Alejandro; que ésta era una copia exacta del negativo; que las mismas reflejaban lo que había en el original y que no estaban alteradas porque eran iguales a las que él hizo. De la declaración del testigo Casenave surge claramente que las fotografías presentadas en evidencia eran copias de un negativo que él había sacado; que eran copias exactas y, además, que ellas reflejaban lo que él vió y fotografió allí el día que llegaron los cadáveres de Nipe. Siendo esto así, éstas eran admisibles en evidencia a tenor con lo resuelto por este Tribunal en el caso de *Pueblo* v. *Márquez,* 67 D.P.R. 326. Además, dichas fotografías fueron presentadas por el Fiscal para demostrar que el acusado se encontraba en el sitio en que ocurrieron los hechos. Hubo prueba adicional que demostró que el acusado se encontraba allí. Así es que, aun suponiendo

que las fotos fueron indebidamente admitidas en evidencia, su admisión no fué perjudicial al acusado.

█ En el segundo señalamiento el acusado alega que se cometió error al "admitir en evidencia en contra de la oposición del acusado apelante, y para probar el grado subsiguiente del delito, el supuesto expediente penal del acusado, marcado Exhibit 4 de El Pueblo, sin haber sido éste debidamente identificado."

Aceptando, sin resolverlo, que dicho récord penal fué incorrectamente admitido en evidencia, su admisión no perjudicó los derechos del acusado sustancialmente puesto que, además del expediente penal, el Fiscal presentó en evidencia y fué admitido por la corte, sin oposición de la defensa, copia certificada de la sentencia en el caso de El Pueblo de Puerto Rico contra el acusado Daniel Rosado (a) Mula, dictada por la Corte de Distrito de San Juan el 4 de octubre de 1933, criminal núm. 1997, por hurto mayor. En dicha certificación se hizo constar que el acusado había sido sentenciado a dos años de presidio después de haberse declarado culpable de un delito de hurto mayor y que no se interpuso recurso de apelación alguno. Quedó, pues, probado satisfactoriamente el grado de subsiguiente alegado por el Fiscal.

██ El tercero y cuarto señalamientos van dirigidos a la apreciación que de la prueba hizo la corte inferior. Arguye el acusado apelante que la única prueba que tuvo ante sí la corte inferior para condenarlo consistió en la declaración de Emilio Lorenzo Avilés, alias "Mano Santa", su cómplice; que dicha declaración no fué corroborada y que no podía condenársele como coautor o principal porque la persona que sustrajo la cartera lo fué Emilio Lorenzo Avilés y que él a lo sumo lo que hizo fué ayudar a encubrir el delito, constituyendo esto un acto delictivo, a saber, el de un cómplice después de los hechos (*accessory after the fact*) distinto aquél por el que fué acusado.

La única prueba aportada en este caso fué la ofrecida por El Pueblo. El acusado no ofreció prueba de clase alguna. Declaró primero el Sr. Casenave, quien tomó las fotografías anteriormente mencionadas. En ellas aparece el acusado y Emilio Lorenzo Avilés, muy cerca del Sr. Malaret, persona en la cual se perpetró el hurto. Emilio Lorenzo Avilés declaró, en síntesis, que el acusado convino con él en que el día de la llegada de los cadáveres de la catástrofe de Nipe irían a la base de Isla Grande a hurtar carteras; que como lo habían acordado se dirigieron a la base; que el acusado le señaló y le dijo que le sustrajera una cartera al perjudicado Pedro Malaret; que el señor Malaret estaba de espaldas a ellos; que el acusado lo empujó y el testigo entonces le sacó la cartera a dicho señor; que inmediatamente el acusado le arrebató la cartera de las manos y se dirigieron en guagua a la parada 25 en Santurce en donde se bajaron, abrieron la cartera y encontraron varios documentos, pero no había dinero alguno; que botaron los documentos y no sabe qué se hizo la cartera. Declararon, además, el Capitán Vélez y el Lic. Leo Irizarry Rodríguez, al efecto de que el acusado había confesado, en presencia de ambos, haber participado en el hurto; que dicha confesión había sido transcrita en maquinilla y firmada por el acusado voluntariamente. Se ofreció y fué admitida ésta en evidencia sin oposición, y dice lo siguiente: Que el 12 de agosto de 1944, como a las 5:30 de la tarde, estaba el acusado junto con Emilio Lorenzo Avilés entre el público que presenciaba la llegada de los cadáveres de las víctimas del accidente aéreo ocurrido en Cuba; que en el curso de este acto el antes mencionado Lorenzo Avilés le entregó una cartera diciéndole que la había sustraído a una de las personas que estaban allí presentes; que él no conoce la persona a quien fuera sustraída la cartera, pero que estando allí todavía presente pudo darse cuenta quién era porque lo vió tocándose el bolsillo trasero del pantalón y decía, "Me falta la cartera";

que después Lorenzo Avilés le pasó la cartera y se fueron del lugar; que mientras caminaban, el registró la cartera y encontró que no tenía dinero y sí varios documentos; que regresaron al aeropuerto y estuvieron allí poco tiempo más y luego lo abandonaron abordando una guagua y llegaron hasta la Parada 26, Ave. Ponce de León; que allí destruyó todos los documentos; que en dicho día estaba vestido con un pantalón color café con leche y gabán *brown* claro de tres botones, con bolsillos a los lados sin tapa, camisa blanca con el cuello desabotonado y echado sobre el cuello del gabán y un sombrero blanco de Panamá; que habiéndole mostrado el Capitán Vélez una fotografía en la que aparece en uno de los grupos de personas que se hallaban frente al aeropuerto presenciando el acto, se identificó como la persona que aparece en dicha fotografía vestido de la manera anteriormente descrita y en la que aparece con el sombrero en la mano y en frente de la cara mirando hacia el mismo; que también identificó a Lorenzo Avilés, quien estaba con un pañuelo en las manos, llevándoselo aparentemente a la nariz.

Declaró también el perjudicado Sr. Malaret al efecto de que el día ya mencionado y mientras presenciaba el acto le sustrajeron la cartera lo cual comunicó inmediatamente a la Policía.

A nuestro juicio, la prueba aquí aportada, creída por la corte, fué suficiente para condenar al acusado. Es cierto que nuestro Código de Enjuiciamiento Criminal, edición de 1935, en su artículo 253, dispone que "no procede la convicción por declaración de un cómplice, a no ser que ésta sea confirmada por alguna otra prueba que, por sí misma y sin la ayuda del testimonio del cómplice, tienda a demostrar la relación del acusado con la comisión del delito; no siendo suficiente dicha corroboración si sólo prueba la perpetración del delito o las circunstancias del mismo." Sin embargo, creemos que la evidencia aportada en este caso,

aparte del testimonio del cómplice, tendía a demostrar la relación del acusado con la comisión del delito. El testimonio del cómplice Avilés fué corroborado casi en su totalidad por las fotografías que tomó el fotógrafo Casenave y, además, por la propia confesión hecha por el acusado. Ya hemos resuelto que no es necesario que la prueba corroborante sea directa, ni tampoco muy fuerte, siempre que sea suficiente para relacionar al acusado con la comisión del delito. *Pueblo* v. *Roblés,* 13 D.P.R. 309; *Pueblo* v. *Sierra,* 42 D.P.R. 504; *Pueblo* v. *Mejías,* 47 D.P.R. 282; *Pueblo* v. *Ramírez,* 54 D.P.R. 139. Véanse: *People* v. *Harper,* 156 P.2d 249 y *State* v. *Brake,* 195 P. 583, 585.

*No habiéndose cometido ninguno de los errores señalados, procede confirmarse la sentencia.*