EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* NERI ROSADO TORRES, acusado y apelante.

Núm. 15140.—*Sometido:* Noviembre 5, 1951.   *Resuelto:* Noviembre 14, 1951.

*Ramón Rivera Viñas,* abogado del apelante; *Hon. Procurador General Víctor Gutiérrez Franqui, J. Rivera Barreras, Fiscal del Tribunal Supremo* y *Frank Vizcarrondo Vivas, Fiscal Auxiliar,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Del infame delito contra natura fué acusado Neri Ro-

sado Torres. Celebrado el juicio ante tribunal de derecho el ministerio público ofreció como testigos al *Dr. Luis Roberto Perea*, quien dijo haber examinado al niño Víctor Manuel Morales y haberle hallado una laceración reciente en el ano, producídale sin duda por algún cuerpo extraño que en él le penetró; a *Víctor Manuel Morales* quien declaró tener quince años de edad y haber estado estudiando de noche; que el 2 de octubre de 1950 mientras pasaba frente a una tienda se encontró con el acusado, a quien no conocía, preguntándole éste si quería trabajar en una casa de familia, a lo cual replicó él afirmativamente; que al salir de la escuela Rosado le dijo "vente" y siguió con él, tocando luego el acusado en una casa con el propósito, según le manifestó, de entregarle cierto dinero a un señor; que al rato Rosado le dijo: "Los chavalitos así como tú es que a mí me gustan," agarrándole por el cuello y apretándole en tal forma que el testigo no podía gritar, echándole una llave, amenazándole con cortarle y diciéndole al realizar el acto objeto de la acusación: "sinvergüenza, si gritas te corto;" y que Rosado le dijo que se quedara allí esperándole y después de un rato el testigo dió cuenta al primer policía que encontró: y a *Víctor Sanoguet Feliciano*, quien manifestó que como a las siete y media de la noche del día indicado vió frente a la escuela al acusado acompañado del menor Víctor Manuel Morales.

Finalizada esa prueba la defensa presentó una moción de *nonsuit*, basada en que la declaración del testigo Morales, quien a su juicio era un cómplice, no había sido corroborada. El fiscal se opuso y luego de discutirse la cuestión con amplitud solicitó del tribunal permiso para ampliar su prueba. Al acceder a ello el juez sentenciador manifestó que aunque entendía que la defensa tenía razón al sostener que no había suficiente prueba de corroboración, por lo que procedería el nonsuit, haciendo uso de su discreción permitía al fiscal reabrir su caso. Presentó entonces el fiscal como testigo a Jaime Torres, quien depuso que es policía insular y que hallándose de servicio en la Calle Peral el día 2 de octubre de

1950 vino el "muchachito éste", cuyo nombre no recordaba, y le manifestó que al salir de la escuela un joven le ofreció trabajo y lo acompañó a la casa donde trabajaría; que cogieron por la Calle Peral hacia la tenería, donde el joven lo agarró y a la fuerza hizo uso de él.

Al anunciar el fiscal una vez más que eso era todo, la defensa presentó nueva moción de nonsuit, la que al igual que la anterior fué declarada sin lugar. El acusado no presentó prueba de clase alguna y el tribunal dictó sentencia en su contra, condenándole a sufrir de uno a diez años de presidio, con trabajos forzados.

▅▅▅ Alega en apelación el acusado, en primer lugar, que el tribunal inferior erró al declarar sin lugar sus mociones de nonsuit y al resolver que la declaración de Jaime Torres corroboró al cómplice. Estos errores no han sido cometidos. Una moción de nonsuit admite la veracidad del testimonio ofrecido y basta que haya una *scintilla* de evidencia en apoyo de la acusación para que tal moción sea declarada sin lugar. *Pueblo* v. *Rivas*, 68 D.P.R. 474. En este caso la hubo. Además, como Víctor Manuel Morales no era un cómplice, su testimonio no necesitaba ser corroborado. Decimos que Morales no era un cómplice porque cómplice es aquél que voluntariamente, a sabiendas, de su libre albedrío e intencionalmente participa en alguna forma en la comisión de un delito, pudiendo, en su consecuencia, procesársele por el mismo. *Pueblo* v. *Buxó*, 29 D.P.R. 81, 83; *Pueblo* v. *Millán*, 35 D.P.R. 889, 898; *Pueblo* v. *Collazo*, 38 D.P.R. 991, 994. Empero, aquél que participa en la comisión de un delito contra su voluntad, debido a las amenazas de otro y por temor a sufrir grave daño corporal, no es un cómplice. A ese efecto el artículo 39 del Código Penal, en lo aquí pertinente, provee:

"Todas las personas son capaces de cometer crímenes, excepto los pertenecientes a las siguientes clases:
".        .        .        .        .        .        .        .        .        .
"10. .... . Las personas que cometieren el acto...., bajo

tales amenazas, que tenían motivos suficientes para creer, y en realidad creyeren, que peligraban sus vidas, de negarse a cometerlo, . . ."

Víctor Manuel Morales no cooperó ni coadyuvó voluntariamente en la realización del acto, sino que por el contrario y de acuerdo con su propio testimonio, creído por el tribunal, cedió a los deseos del acusado debido a las amenazas de éste. De su declaración fácilmente se puede colegir que él tuvo motivos suficientes para creer, y que en realidad creyó, que de negarse a acceder su vida peligraba. Habiendo actuado bajo coacción Morales no fué un cómplice, y por ende, era innecesario que su testimonio fuera corroborado. *Pueblo* v. *Tirado*, 69 D.P.R. 389; *People* v. *Featherstone*, 155 P.2d 685; *People* v. *Coleman*, 127 P.2d 309; *People* v. *Battilana*, 126 P.2d 923; *People* v. *Walker*, 198 P.2d 534; *Robinson* v. *State*, 148 S.W. 2d 1115.

▪ También insiste el apelante en que el tribunal sentenciador erró al reabrir el caso para permitir al fiscal ampliar su prueba, después de haber dicho funcionario cerrado su caso, después de haber presentado la defensa su primera moción de nonsuit y luego de haber la propia corte declarado que esa moción procedía. El autorizar la reapertura de un caso con el propósito de que se aduzca prueba adicional después de haber sido sometida una moción de nonsuit, descansa en la sana discreción del juez sentenciador. *Pueblo* v. *Hernández*, 30 D. P.R. 21; *Pueblo* v. *Méndez*, 30 D.P.R. 118. No creemos que en este caso el tribunal a quo abusara de tal discreción al actuar en la forma en que lo hizo.

▪ Finalmente sostiene el apelante que el tribunal inferior erró al declararle convicto del delito imputádole y al imponerle de uno a diez años de presidio con trabajos forzados, demostrando además estar incurso en pasión, prejuicio y parcialidad. De acuerdo con el artículo 278 del Código Penal, según quedó enmendado por la Ley núm. 42 de 1943 (pág. 107), el crimen contra natura se castiga con pena de reclusión en presidio por término mínimo de un año y máximo

de diez años. La pena impuesta estuvo dentro de los límites establecidos por el estatuto, y con la discreción de la corte sentenciadora al fijarla no intervendremos ya que nada hay en la prueba que demuestre que hubiese un abuso de tal discreción. *Pueblo* v. *Rivera*, 69 D.P.R. 538. Tampoco hallamos el menor indicio de que el tribunal inferior actuara movido por pasión, prejuicio o parcialidad.

*Debe confirmarse la sentencia apelada.*