GILBERTO IRIZARRY ROMERO, peticionario, *v.* TRIBUNAL DE DISTRITO DE PUERTO RICO, SECCIÓN DE ARECIBO, HON. MARTÍN ALMODÓVAR, JUEZ, demandado; EL PUEBLO DE PUERTO RICO, interventor.

Núm. 1881.—*Sometido:* Febrero 1, 1951. *Resuelto:* Febrero 13, 1951.

---

César L. González y Gilberto R. Padró Díaz, abogados del peticionario; Hon. Procurador General Víctor Gutiérrez Franqui (Vicente Géigel Polanco, Ex Procurador General, en el alegato), J. Rivera Barreras, Fiscal del Tribunal Supremo y Frank Vizcarrondo Vivas, Fiscal Auxiliar, abogados del interventor.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Cuando en mayo de 1945 se llevó al peticionario Gilberto Irizarry Romero ante la Corte para Niños del Distrito de Arecibo él meramente contaba poco más de 14 años de edad. Nació el 28 de enero de 1930. Se le imputó en aquel entonces haber falsificado la firma de Juan Collazo y haber dispuesto para su uso personal de $1 entregádole por Rudesindo Aponte para la compra de un saco de carbón. Vistos los casos ante dicha corte, ésta dispuso con fecha 8 de junio de 1945 en el de falsificación que el menor quedara a prueba por un período de seis meses bajo la custodia de su padre Francisco Mercado Rivera, y con fecha 26 de septiembre del mismo año en el de abuso de confianza que el menor quedara por igual período a prueba bajo la custodia de sus tíos Juan Romero y Monserrate Romero, en ambos casos bajo la supervisión del fiscal del Distrito de Arecibo.

En 14 de agosto de 1950 el peticionario fué acusado ante el Tribunal del Distrito de Puerto Rico, Sección de Arecibo, de cuatro delitos de escalamiento en primer grado. Luego de

hacer alegación de inocencia y de solicitar juicio por jurado, el peticionario radicó ante la referida Sección de dicho tribunal una moción de archivo y sobreseimiento, fundado en que aquel tribunal carecía de jurisdicción para juzgarle, toda vez que anteriormente había sido declarado niño delincuente por la Corte Juvenil de Arecibo. Su moción fué declarada sin lugar, al igual que la reconsideración por él solicitada. Para revisar esa actuación del tribunal inferior en 17 de noviembre expedimos un auto de *certiorari*. En apoyo de su recurso sostiene el peticionario (1) que el tribunal recurrido erró al declarar sin lugar su moción de archivo y sobreseimiento, al igual (2) que al denegar su moción de reconsideración.

██ Al declarar sin lugar la moción de reconsideración presentada por el peticionario el tribunal recurrido se expresó en párte así:

"De la resolución de la Corte Juvenil aparece que este acusado fué puesto bajo un período probatorio de seis meses, pero nunca la Corte dictó un pronunciamiento declarando al acusado niño delincuente, ni bajo ninguna de las calificaciones definidas en el artículo 8 de la Ley creando las Cortes para Niños. Entiende el Tribunal que no habiendo ningún pronunciamiento del Tribunal respecto a si el acusado a la fecha de la celebración de la vista era o no un niño delincuente o incorregible, o de alguna otra de las calificaciones a que se refiere el artículo 8 de la ley, la Corte Juvenil no tiene jurisdicción sobre dicho menor. La presunción de inocencia acompaña también a los niños juzgados a virtud de querella por delincuencia juvenil. Lo que hizo la Corte de Distrito, funcionando como Corte Juvenil, podía hacerlo en el ejercicio de *parens patriae*. El hecho de que un niño haya sido acusado de la comisión de un delito público no lo convierte por sí en niño delincuente. Es necesario que, previo los trámites de ley a virtud de la prueba ofrecida, la Corte así lo declare. En este caso la Corte no declaró al acusado niño delincuente a pesar de que hubo una acusación y se celebró una vista y la Corte dictó un pronunciamiento. Por las razones anteriormente expuestas, la Corte declara sin lugar la moción del acusado a los efectos de que la Corte se declare sin jurisdicción, y asimismo declara sin lugar la moción de reconsideración."

Discute el peticionario conjuntamente los dos errores señalados e indica que si bien es verdad que de acuerdo con lo resuelto en el caso de *El Pueblo* v. *Rivera*, 71 D.P.R. 124, (1) parece exigirse una declaración de delincuencia por parte de la Corte para Niños, él entiende que las resoluciones dictadas por la Corte Juvenil de Arecibo, en la forma en que lo fueron, equivalieron a tal declaración, aunque en las mismas no se declarara así expresamente. El fiscal de este Tribunal conviene en esto con el recurrente y acepta que las resoluciones dictadas por la Corte para Niños del Distrito de Arecibo contra el peticionario, cuando éste contaba 14 años de edad, le dieron a dicha corte jurisdicción exclusiva sobre el menor hasta tanto éste llegase a su mayoridad. Estamos de acuerdo tanto con el promovente como con el ministerio público y concluímos que habiendo asumido la Corte para Niños de Arecibo jurisdicción sobre el peticionario en las indicadas causas cuando éste contaba tan sólo 14 años de edad, el mero hecho de que en las dos resoluciones dictadas entonces no se dijera de manera expresa que se declaraba a Gilberto Irizarry Romero "niño delincuente" no significaba que éste no debiera considerársele como tal y que no continuara, por ende, bajo la jurisdicción de la Corte Juvenil hasta tanto llegara a los 21 años. Conforme dijimos en *Torres* v. *Saldaña*, 59 D.P.R. 635, 637, "la letra y el espíritu de la ley no dejan duda alguna de que la frase 'o que, una vez sujeto a la jurisdicción de una corte para niños por las disposiciones de esta Ley, no haya llegado a la mayor edad,' significa que una persona comprendida dentro de esa definición no puede ser juzgada ni sentenciada por una corte de jurisdicción ordinaria como lo es la de distrito de San Juan." Habiendo asumido la Corte para Niños del Dis-

---

(1) El peticionario atribuye a ese caso un alcance que no tiene. En el mismo Rivera fué sometido a un proceso por hurto menor ante un tribunal de distrito cuando aún no contaba 16 años de edad y su causa fué por tal motivo sobreseída. Posteriormente, y siendo aún menor de edad, Rivera fué acusado de escalamiento en primer grado. Alegó falta de jurisdicción en el tribunal inferior para juzgarle. Resolvimos que como la Corte para Niños nunca había asumido jurisdicción sobre la persona del menor, no podía invocarse la jurisdicción exclusiva de la corte juvenil.

trito de Arecibo jurisdicción sobre el peticionario cuando éste tenía 14 años de edad y habiéndole sentenciado a quedar bajo la custodia de su padre y de sus tíos, respectivamente, la Sección de Arecibo del Tribunal de Distrito de Puerto Rico, siendo una corte de jurisdicción ordinaria no podía en 14 de agosto de 1950, fecha en que se presentaron las acusaciones, ni en 9 de octubre del mismo año, día en que se radicó la antes referida moción de archivo y sobreseimiento por el peticionario, asumir jurisdicción de los cuatro casos que por escalamiento en primer grado se seguían en su contra, ya que para esas fechas el no había llegado aún a su mayor edad. Las resoluciones dictadas deben, por tanto, ser anuladas.

■ Ahora bien, el fiscal de este Tribunal plantea en su alegato una cuestión que aunque no ha sido suscitada por el peticionario creemos conveniente resolver. Nos llama la atención el fiscal hacia el hecho de que el recurrente cumpliría 21 años de edad el 28 de enero de 1951, que a partir de esa fecha la corte juvenil cesaría de tener jurisdicción sobre el peticionario y que si se revocaba la resolución del tribunal recurrido la corte juvenil no podría asumir jurisdicción sobre el caso. La cuestión así levantada ha sido ampliamente discutida por los tribunales del Continente, resolviendo unos que la fecha que debe prevalecer es aquélla en que el menor cometió el delito, otros que debe ser la de la iniciación del proceso en su contra y otros que la fecha imperante para la determinación de la corte que ha de asumir jurisdicción de la causa lo es aquélla en que se juzga el caso. Véanse 123 A.L.R. 446 y 31 Am. Jur. 792, sección 18, así como los casos de *State v. Walker*, 34 S.W.2d 124; *State v. Rutledge*, 13 S.W.2d 1061; *Ex parte Williams*, 177 Atl. 85; *State v. Moloney*, 186 N.E. 362. No tenemos en esta jurisdicción precedentes sobre la cuestión. Veamos, pues, el estatuto que gobierna la materia. Éste lo es la Ley núm. 37 de 11 de marzo de 1915 (pág. 73), según ha sido enmendada por la Ley núm. 10 de 6 de abril de 1916 (pág. 43) y por la Ley núm. 62 de 18 de julio de 1925, pág. 335. Dispone dicha ley en su sección 8 que "la palabra

'niños' o 'niño' . . . comprenderá, a menos que de otro modo se consigne específicamente, cualquier niño en la Isla de Puerto Rico menor de diez y seis años de edad, o que, una vez sujeto a la jurisdicción de una Corte para Niños por las disposiciones de esta Ley no haya llegado a la mayor edad;" que "Las palabras 'niño delincuente' comprenden todo niño que infrinja cualquier ley de Puerto Rico. . .," y que "Todo niño que cometiere cualquiera de los actos aquí expresados, se considerará como delincuente, debiendo procederse contra el mismo en la forma que más adelante se previene." Ya hemos indicado que no obstante la forma en que fueron dictadas las resoluciones de la Corte para Niños del Distrito de Arecibo el efecto y alcance de éstas fué considerar al peticionario como niño delincuente hasta que llegara a su mayor edad. Siendo ello así, la jurisdicción de la corte juvenil continuó hasta que él llegó a los 21 años. Provee además la Ley 37 en su sección 33, que "Esta Ley deberá interpretarse liberalmente con el fin de que se haga posible llevar a cabo sus propósitos, siendo éstos la protección y el bienestar del niño y proporcionarle los medios para corregirse, educarse y vivir como ciudadano respetuoso de la ley," y que "Los procedimientos y sentencias determinados en esta Ley sólo implicarán el ejercicio de una eminente patria potestad, por parte de El Pueblo de Puerto Rico, con respecto a los niños, contra quienes no establecerá precedente alguno de criminalidad." Dada la forma amplia en que está concebido el estatuto y la liberalidad con que debe interpretarse el mismo, consideramos nuestro deber concluir que como en Puerto Rico la corte juvenil tiene jurisdicción sobre un niño, una vez que éste se halla bajo su palio, hasta el día mismo en que aquél llega a su mayoridad, cualquier falta cometida por él antes de llegar a los 21 años debe ser juzgada ante el Tribunal Tutelar de Menores de la sección correspondiente del Tribunal de Distrito de Puerto Rico, (2)

---

(2) De acuerdo con el artículo 24 de la Ley 432 de 15 de mayo de 1950, págs. 1127, 1135, se crea un Tribunal Tutelar de Menores en cada una de las secciones del Tribunal de Distrito de Puerto Rico.

no obstante el hecho de que con posterioridad a tal infracción y antes de la presentación de la acusación o de la celebración del juicio el menor ha llegado a su mayor edad. Naturalmente al asumir jurisdicción el Tribunal Tutelar de Menores sobre los cuatro casos que por el delito de escalamiento en primer grado se siguen contra el peticionario el procedimiento deberá ajustarse a lo provisto por la Ley núm. 37, supra. ([3])

*Deben anularse las resoluciones dictadas por el Tribunal recurrido y devolverse a éste las causas para ulteriores procedimientos compatibles con esta opinión.*

---

([3]) Según la sección 16 de esa ley si a un niño se le acusa de delito grave él puede exigir que su caso se vea ante el juez o ante el jurado, según lo desee.