EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* PABLO PORTALATÍN, acusado y apelante.

Núm. 15220.—*Sometido:* Abril 7, 1952. *Resuelto:* Abril 18, 1952.

*Luis A. Archilla Laugier,* abogado del apelante; *Hon. Procurador General Víctor Gutiérrez Franqui y J. Rivera Barreras, Fiscal del Tribunal Supremo,* abogados de El Pueblo, apelado.

EL JUEZ ASOCIADO SEÑOR SNYDER emitió la opinión del tribunal.

Pablo Portalatín fué acusado de operar y explotar en el mes de marzo de 1950 una banca de bolita como agente y administrador de ésta, en violación de la Ley núm. 220, Leyes de Puerto Rico, 1948 ((1) pág. 739). El tribunal de distrito lo declaró culpable sentenciándolo a sufrir la pena de tres a diez años de presidio. En apelación contra dicha sentencia alega que el tribunal inferior cometió error al declarar sin lugar su moción de *nonsuit* y al declararlo culpable sin que existiese corroboración de clase alguna a la declaración de su supuesto cómplice.

■ *Cruz Lugo Vázquez* declaró que era cocinera en la casa del acusado; que el 9 de marzo de 1950 éste le entregó un paquete conteniendo algunos sobres y le pidió que le hiciera el favor de guardarlo en la casa de ella porque no había conseguido automóvil para enviarlo a San Juan a "José Chichí"; que al día siguiente la policía, cumplimentado una orden de allanamiento, allanó su residencia y encontró los sobres dentro de una maleta donde ella los había puesto. La testigo identificó las listas que el fiscal le mostró como las que había dentro de los sobres que le entregó el acusado. Estas listas fueron luego admitidas en evidencia.

*Jobo Santiago*, detective, declaró que el 10 de marzo de 1950 allanó la residencia de Cruz Lugo y encontró dentro de una maleta en su casa las listas que habían sido identificadas por ésta.

*Gladys Esther López*, hija de Cruz Lugo, declaró que vió al acusado en la casa de éste entregarle algunos sobres a su mamá; que el acusado le dijo a su mamá que se los guardara hasta el día siguiente; que su mamá le preguntó al acusado si no corría peligro alguno y él le dijo que no; y que su mamá guardó las listas.

*Ramón Virella*, detective insular, declaró que el 10 de marzo de 1950 él y otros detectives allanaron la residencia del acusado cumpliendo una orden de allanamiento, pero no en-

contraron evidencia incriminatoria; que luego en el mismo sitio el acusado, entre otras cosas, se lamentó "de que él era la vaca blanca de ese pueblo, porque habiendo banqueros más grandes que él lo perseguían a él nada más."

*Miguel Santiago Albino* declaró que conocía al acusado hacía ocho o diez años; que le vendía *tickets* de bolita al público y que le entregaba las listas al acusado; que la bolita que el vendía se tiraba de acuerdo con las tres últimas cifras del sorteo de la lotería de Santo Domingo; que en marzo de 1950 vendió un premio de $172 que fué pagado por el acusado; que las listas que el testigo entregaba al acusado eran enviadas por éste a "Chichí" en San Juan.

El acusado no ofreció prueba durante el juicio. Como ya dijimos, en apelación descansa en la moción de *nonsuit* que interpuso al finalizar la prueba de El Pueblo y en la alegada falta de prueba corroborativa de la declaración del cómplice, Santiago Albino. El resumen que hemos hecho de la evidencia presentada por El Pueblo claramente demuestra que es frívola la contención del apelante de que debió haberse declarado con lugar la moción de *nonsuit*. Véase *Pueblo* v. *Rosado*, 72 D.P.R. 827.

■■ Recientemente dijimos en otro caso de bolita contra este mismo acusado que bajo el artículo 253 del Código de Enjuiciamiento Criminal, ed. de 1935, no se requiere prueba corroborativa para todos los elementos de un delito. El único requisito es que tal prueba deberá tender a conectar al acusado con la comisión del delito. *Pueblo* v. *Portalatín*, 72 D.P.R. 152, 161. A la luz de nuestra resolución a tenor con los hechos de este último caso, creemos que éste es un caso *a fortiori*. En el de autos, mediante el testimonio de Cruz Lugo, que no era cómplice, hubo prueba al efecto de que el acusado le entregó para que se las guardara, porque no había podido mandarlas a San Juan, ciertas listas que de su faz demostraban que eran de bolita. Además, la admisión del acusado a Virella tiende a demostrar que aquél estaba envuelto en la explotación de un juego de bolita. Véase *Pueblo*

v. *Feliciano,* 70 D.P.R. 875.   Bajo estas circunstancias, cree-
mos que hubo suficiente corroboración del testimonio del cóm-
plice para justificar la condena del acusado por operar y ex-
plotar como agente y administrador una banca de bolita.

   *La sentencia del tribunal de distrito será confirmada.*