RAFAEL MIRABAL SANTANA, peticionario y apelante, *v.*
GERARDO DELGADO, ETC., demandado y apelado.

Número 12487.

*Sometido:* 20 de abril de 1961. *Resuelto:* 11 de mayo de 1961.

*José C. Mendía,* abogado del apelante; *J. B. Fernández Badillo,*
*Procurador General de Puerto Rico* y *Juan A. Faría, Pro-*
*curador General Auxiliar,* abogados del apelado.

El Juez Asociado Señor Blanco Lugo emitió la opinión del Tribunal.

Rafael Mirabal Santana nació en 17 de mayo de 1928. Siendo menor de dieciséis años se le imputó ante el entonces Tribunal Municipal de San Juan la comisión de los delitos de hurto de menor cuantía y acometimiento y agresión grave. Comprobada la edad del acusado, dicho tribunal dictó una orden dando traslado de las causas a la Corte para Niños.

En 9 de octubre de 1944 el Procurador Especial de la Corte para Niños del Distrito de San Juan inició dos querellas contra Mirabal Santana imputándole que era "un niño delincuente" por haber incurrido en las infracciones de ley mencionadas. Indicó además en la solicitud que el niño se encontraba "bajo fianza". En la cubierta del expediente del caso aparecen varias anotaciones al efecto de que "salió bajo fianza 10/26/44", "señálese para oct. 27'44. Señálese 10 nov'44, ya que salió bajo fianza. Nov. 10'44. Llamado a juicio no compareció y se dijo está en Cárcel de Distrito. Nov. 17/44. Llamado a juicio y no contestó." Los espacios para hacer constar la fecha de la lectura de las querellas, fecha de la vista, juez veedor, taquígrafo, abogado y resolución de la corte aparecen en blanco. En el margen inferior de la cubierta se consignó una nota manuscrita en lápiz, sin fecha, que lee: "La Corte Municipal Sec. 2nda. le impuso un año de cárcel, y está en apelación esta sentencia." (1)

En 1947, cuando ya Mirabal contaba diecinueve años de edad, dio muerte a un ser humano. Fue juzgado y convicto por el entonces Tribunal de Distrito de San Juan, y condenado a sufrir una pena de 18 a 30 años de presidio. Se

---

(1) Aparentemente esta información se obtuvo de una anotación que aparece al dorso de una citación dirigida a Mirabal y que, por vía de diligenciamiento, consignó el agente Justo L. Montañez y que lee: "Según información de Srta. Frca. Figueroa está cumpliendo un año en Cárcel de Distrito, por atraco. 10/12/44." Sin embargo, en otro diligenciamiento de fecha 2 de noviembre de 1944 aparece que el mismo agente notificó *personalmente* a Mirabal de una citación para el día 10 siguiente.

encuentra actualmente recluido cumpliendo dicha sentencia en la Penitenciaría Estatal.

Mirabal radicó una petición de hábeas corpus ante este Tribunal y se dictó resolución para que se expidiera un mandamiento dirigido al demandado a los fines de que presentara al peticionario ante el Tribunal Superior, Sala de San Juan, y acompañara el informe escrito que se exige de conformidad con el artículo 476 del Código de Enjuiciamiento Criminal (34 L.P.R.A. sec. 1748). En la diligencia del auto, el funcionario demandado hizo constar que retiene al peticionario bajo su custodia a virtud de la sentencia dictada en el caso de asesinato a que se ha hecho referencia, y además de otra sentencia dictada en 16 de enero de 1951, de dos a tres años de presidio, por el delito de fuga (Art. 152 del Código Penal, 33 L.P.R.A. sec. 509). Hizo constar también que dicho reo tiene pendiente de cumplimiento dos penas de cárcel, por cuatro meses en total, por los delitos de acometimiento y agresión grave y portación de armas.[2]

En el acto de la vista del recurso ante el Tribunal Superior, el magistrado que presidía inquirió si la Corte para Niños había tomado alguna acción con las querellas a que se ha hecho referencia anteriormente y el peticionario respondió "me entregaron al padre mío". El tribunal comentó "si lo entregaron al padre, entonces, ¿dónde está eso? *Tiene que estar en algún sitio.*"[3]

La cuestión decisiva a resolverse en este recurso es, si bajo los hechos narrados, el peticionario estaba sujeto a la jurisdicción de la Corte para Niños cuando cometió el delito

[2] Aparentemente estos delitos, así como el de fuga, se cometieron después que el peticionario había cumplido su mayoridad.

[3] El peticionario había presentado otra petición de hábeas corpus que fue archivada por no haberse presentado prueba sobre la existencia de las querellas ante la Corte para Niños debido a que aparentemente el expediente se había extraviado. En el acto de la vista del presente caso se hizo referencia a que el peticionario estuvo "tres veces más" en la Corte para Niños, y que "entonces me dejaron libre. . ."

de asesinato, y por tanto, no podía ser juzgado como si se tratara de un delincuente común.

La Ley Núm. 37 de 11 de marzo de 1915 (Leyes, pág. 73, 34 L.P.R.A. sec. 1941 y sigtes.) creó y estableció en cada uno de los distritos judiciales entonces existentes un tribunal conocido como Corte para Niños, con *"jurisdicción original exclusiva"* en los casos de delincuencia juvenil. Se dispuso expresamente que la corte sería *"de record"* (sec. 1). A los fines de la ley se definió "niño" como *a)* cualquier niño menor de dieciséis años de edad, o, *b)* que "una vez *sujeto a la jurisdicción* de una Corte para Niños *por las disposiciones de esta ley* no haya llegado a la mayoridad". "Niño delincuente" se definió como *a)* todo niño que infrinja cualquier ley de Puerto Rico o una ordenanza de cualquier municipio; *b)* que sea incorregible; *c)* que, a sabiendas, se reuna con pillos o con personas viciosas o inmorales; *d)* que se críe en la vagancia o en el crimen; *e)* que, a sabiendas, visite o entre en una casa de mala reputación; *f)* que, a sabiendas, visite una casa de juego o un lugar en donde se vendan bebidas alcohólicas; *g)* que esté vagabundeando después de las diez de la noche, sin estar dedicado a un negocio u ocupación lícita; *h)* que habitualmente use frases viles, obscenas o indecentes, o fuere culpable de conducta inmoral, en cualquier sitio público o cerca de una escuela. Específicamente se dispone que todo niño que cometiere cualquiera de los actos enumerados, *"se considerará como delincuente,* debiendo procederse contra el mismo en la forma que más adelante se previene" (sec. 8). De la enumeración precedente resulta claro que para que se considere a un niño como delincuente no es indispensable que sea previamente convicto de algún delito, sino que basta que incurra en alguno de los actos especificados.

En *Torres* v. *Saldaña*, 59 D.P.R. 635 (1941) consideramos por primera vez una cuestión relacionada con el problema que aquí se plantea, y resolvimos que el peticionario, a quien

se había declarado niño delincuente por un delito de escalamiento y se había puesto bajo la custodia de una persona particular mientras observaba buena conducta, no podía ser juzgado ni sentenciado por una corte de jurisdicción ordinaria hasta tanto llegara a su mayoridad. En *Pueblo* v. *Rivera*, 71 D.P.R. 124 (1950), el apelante había sido sometido a un proceso por hurto menor en el entonces Tribunal de Distrito, que le fue archivado al comprobarse que contaba menos de 16 años, pero no se le presentó querella alguna ante la Corte para Niños, y dijimos que dicha corte *"nunca asumió jurisdicción sobre la persona* del apelante", y por tanto no podía invocarse su jurisdicción exclusiva bajo la doctrina del caso de *Torres*. Finalmente, en *Irizarry* v. *Tribunal de Distrito*, 72 D.P.R. 189 (1951) se trataba de un menor que fue puesto por la Corte para Niños en un período probatorio bajo la custodia de su padre y de sus tíos, pero en la resolución al efecto dictada no se incluyó un pronunciamiento expreso declarándolo niño delincuente bajo ninguna de las calificaciones definidas en el artículo 8 de la Ley Núm. 37. El tribunal inferior entendió que en ausencia de tal pronunciamiento, no se había demostrado que la Corte para Niños tuviese jurisdicción sobre el menor. Al revocar la sentencia indicamos que "Estamos de acuerdo . . . que *habiendo asumido* la Corte para Niños . . . jurisdicción sobre el peticionario en las indicadas causas cuando éste contaba tan sólo 14 años de edad, el mero hecho de que en las dos resoluciones dictadas entonces no se dijera de manera expresa que se declaraba a G. I. R. 'niño delincuente' no significaba que éste no debiera considerársele como tal y que no continuara, por ende, bajo la jurisdicción de la Corte Juvenil hasta tanto llegara a los 21 años."

Hemos establecido, por tanto, que para que se entienda que un niño está sujeto a la jurisdicción de la Corte para Niños: *a)* es necesario que se haya iniciado alguna acción ante dicho tribunal, sin que sea suficiente que un tribunal

en el ejercicio de su jurisdicción ordinaria haya archivado un caso criminal, al comprobarse que el acusado era menor de 16 años (caso *Rivera*); *b*) no es indispensable que haya un pronunciamiento expreso declarándolo niño delincuente (caso *Irizarry*). Réstanos determinar si una vez iniciada la querella, y adquirida jurisdicción sobre la persona del menor, éste permanece sujeto a esta jurisdicción, cuando el récord demuestra que la Corte para Niños, no sólo no dictó pronunciamiento alguno declarándolo niño delincuente, sino que no aparece que tomara *acción definitiva* alguna en el procedimiento iniciado. A este respecto es bueno tener en mente que la Corte para Niños tenía facultades para 1) ordenar la reclusión del niño en una institución para niños delincuentes; 2) dejar que permanezca en su hogar bajo la custodia de sus padres; y, 3) depositarlo en una casa de familia dispuesta a recibirlo, siempre sujeto a la supervisión de los funcionarios del tribunal. Es significativo que la ley solamente requiere en forma expresa que se dicte y registre una resolución escrita cuando se dispone del asunto mediante una orden de reclusión en una institución. ([4])

■■ Ahora bien, del examen que hemos hecho de la Ley Núm. 37 mencionada resulta claro que un niño estaba "sujeto a la jurisdicción" de la Corte para Niños hasta que llegara a la mayoridad únicamente en aquellos casos en que se tomaba alguna acción, en cualquiera de las tres formas expuestas anteriormente. No podemos sostener que la mera inicia-

---

([4]) La sección 21 (34 L.P.R.A. sec. 1962) dispone que:

"Cuando después de la vista definitiva de una causa la Corte resolviere que el niño sea recluido en la Escuela Correccional, o en otra institución análoga para la reclusión de niños delincuentes, la Corte deberá consignar su resolución que será inscrita en el registro de la Corte y contendrá el texto de la resolución, lugar de la reclusión, y una relación de los hechos del caso, especificando el nombre, edad, nacionalidad y residencia del niño, y de los padres o de cualquiera de ellos, fecha y lugar del matrimonio de los padres, circunstancias relativas al divorcio, si se hubieren divorciado, a quién se otorgó la custodia del niño, y si fue abandonado por alguno de los padres, o por ambos."

ción de la querella, y citación del menor, y por ende la adqui-
sición de jurisdicción sobre la persona del menor sea sufi-
ciente para sostener que ya dicho niño estaba excluido del
ámbito de la jurisdicción ordinaria de los tribunales de jus-
ticia si cometía un delito después de cumplir 16 años. Si
ésa fuera la interpretación, concebiblemente un menor de
16 años a quien se le formulaba una querella ante la Corte
para Niños y era en definitiva *exonerado*, también estaría
inmune a un proceso ordinario si luego cometía un delito
después de cumplir dicha edad, por el simple hecho de que
en ocasión anterior se inició acción contra él ante la Corte
para Niños. De todo lo expuesto se deduce que "sujeto a
la jurisdicción de una Corte para Niños" debe interpretarse
como sujeto a la custodia y supervisión de dicho tribunal.
Cualquier lenguaje en sentido contrario contenido en nues-
tra opinión en el caso de *Rivera* que pueda indicar que bas-
taba la simple adquisición de jurisdicción *sobre* la persona
del niño, debe entenderse aclarado.

■ Es cierto que el peticionario declaró que la Corte
para Niños lo dejó bajo la custodia de su padre, pero tal
afirmación no puede ser suficiente para desvirtuar las cons-
tancias del expediente de su caso ante dicho tribunal. Tra-
tándose de una corte de récord debe prevalecer lo que aparece
del expediente mismo. Es censurable que una vez iniciadas
las querellas contra Mirabal la Corte para Niños no tomara
acción alguna en las mismas, pero con toda probabilidad
esta inacción obedeció al hecho de que se había informado que
el menor estaba recluido cumpliendo una sentencia de un año
de cárcel por otro delito.

*Por las razones expuestas, se confirmará la sentencia
apelada.*