EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JUAN MONTALVO ACEVEDO y ÁNGEL RIVERA HUERTAS, acusados y apelantes.

*Número:* 16751. *Resuelto:* 20 de octubre de 1961.

728

*Herminio Miranda* y *Antonio Reyes Delgado,* abogados de los apelantes; *J. B. Fernández Badillo, Procurador General de Puerto Rico* y *Rodolfo Cruz Contreras, Procurador General Auxiliar,* abogado de El Pueblo, apelado.

Sala integrada por el Juez Presidente señor Negrón Fernández, como Presidente de Sala, y los Jueces Asociados señores Blanco Lugo y Dávila.

El Juez Asociado Señor Blanco Lugo emitió la opinión del Tribunal.

Prescribe el artículo 253 del Código de Enjuiciamiento Criminal, ed. 1935, 34 L.P.R.A. sec. 732, que no podrá lograrse una convicción con la declaración de un cómplice, a menos que ésta sea corroborada por otra prueba que, "por sí misma y sin la ayuda del testimonio del cómplice, tienda a demostrar la relación del acusado con la comisión del delito". No es suficiente que esta corroboración establezca la perpetración del delito o las circunstancias del mismo. Claro está no se requiere prueba que corrobore todos los elementos de un delito, *Pueblo* v. *Portalatín,* 73 D.P.R. 334 (1952); *Pueblo* v. *Portalatín,* 72 D.P.R. 152 (1951), pero debe conectarse al acusado con la comisión del acto delictivo, *Pueblo* v. *Palou,* 80 D.P.R. 364, 381 (1958); *Pueblo* v. *Rosario,* 68 D.P.R. 566 (1948); *Pueblo* v. *Villanueva,* 71 D.P.R. 917 (1950). A los fines de determinar si existe prueba de corroboración suficiente, debe eliminarse la declaración del cómplice, y si una vez eliminada ésta, hay evidencia independiente que conecte al acusado con el delito imputado, podrá sostenerse la convicción, *Pueblo* v. *Segarra,* 70 D.P.R. 484 (1949); *Pueblo* v. *Díaz,* 67 D.P.R. 785 (1947); *Pueblo* v. *Rigual,* 52 D.P.R. 92 (1937); cf. *Castro* v. *González,* 70 D.P.R. 887 (1950).

A los fines de la necesidad de prueba de corroboración hemos indicado que cómplice es aquél que con pleno cono-

cimiento y voluntariamente—sin que medie coacción—, "de su libre albedrío e intencionalmente, participa en alguna forma en la comisión de un delito, pudiendo, por tanto, *procesársele por el mismo*." En otras palabras, es esencial que el cómplice esté sujeto a ser encausado por el mismo delito que la persona acusada. *Pueblo* v. *Adorno*, 81 D.P.R. 518 (1959) (soborno) ; *Pueblo* v. *De Jesús*, 73 D.P.R. 752, 761-2 (1952) (bolita) ; *Pueblo* v. *Rosado*, 72 D.P.R. 827 (1951) (delito contra natura) ; *Pueblo* v. *Collazo*, 38 D.P.R. 991 (1928) (perversión de menores) ; *Pueblo* v. *Millán*, 35 D.P.R. 889, 898 (1926) (violación). En otras palabras, puede haber ocasiones en que una persona intervenga en los actos constitutivos de un delito, pero no ser cómplice, y por tanto, no estar sujeta a procesamiento. Tal es el caso de la mujer ofendida en el caso de seducción, *Pueblo* v. *Cabranes*, 7 D.P.R. 303 (1904), pues como en otros delitos sexuales u ofensivos a la moral, se trata más bien de la víctima que de un cómplice, *People* v. *Flynn*, 333 P.2d 37 (Cal. 1958) ; *Hardaway* v. *State*, 319 S.W.2d 336 (Texas, 1959) ; *Blocker* v. *State*, 120 So.2d 924 (Ala. 1960).

En el presente caso se plantea si el testimonio de un niño de aproximadamente nueve años debe ser corroborado a los fines de la convicción de dos adultos que conjuntamente con él participaron en actos constitutivos de escalamiento en primer grado. Es preciso aclarar que, con excepción del testimonio del menor, el fiscal no presentó otra prueba que conecte a los acusados con la comisión del delito. Un examen de la transcripción revela que se presentó el testimonio de las cuatro personas en cuyas residencias o negocios ocurrió la penetración y el hurto, estableciéndose así el corpus delicti, pero ninguna de ellas relacionó a los acusados con estos hechos. También surge fuera de duda que el menor, al tiempo de cometer los hechos, tenía plena concien-

cia de la maldad del acto que realizaba y que no hay indicio alguno de que fuera coaccionado o intimidado para ello. (¹)

El artículo 39 del Código Penal, ed. 1937, 33 L.P. R.A. sec. 85, dispone que son incapaces de cometer crímenes los niños mayores de siete años y menores de catorce, cuando no exista prueba plena de que al tiempo de cometer el delito de que se les acuse, tenían conciencia de su maldad. Sin embargo, esta disposición, que conserva su redacción original desde 1902, no puede considerarse aisladamente para fijar la responsabilidad criminal, sino que tiene que leerse conjuntamente con la Ley núm. 97 de 23 de junio de 1955 (Leyes, pág. 505, 34 L.P.R.A., sec. 2001 y sigtes), que establece en su artículo 11 que ningún procedimiento con relación a un niño se considerará de naturaleza criminal, "ni se considerará a dicho niño un criminal o convicto . . . ni se le acusará o condenará en el Tribunal". Niño, a los fines de esta ley, es un menor de dieciocho años. (²) Parece claro que de conformidad con esta última ley el límite de edad para la *comisión de delitos* por menores de edad es de dieciocho años, (³) y no de siete años. En otras palabras, un menor de dieciocho años (²) incurre en faltas y no puede ser enjuiciado criminalmente ni está sujeto a la jurisdicción de los

---

(¹) En forma muy gráfica, relata el menor que al encontrarse con los acusados, a quienes no conocía hasta entonces, éstos "nos dijeron que si íbamos para allá arriba y nos invitaron a robar" (T.E., pág. 20). Después de esta "invitación", se perpetraron los escalamientos. Con excepción de uno de los casos, en los demás, los menores penetraban por ventanas a los lugares escalados, mientras los mayores le facilitaban la penetración y permanecían vigilando. El botín se lo repartían los mayores; los menores no participaban en su distribución.

(²) Según el artículo 4 (34 L.P.R.A. sec. 2004) el juez de los asuntos de menores puede dar traslado para que se tramite el caso como si se tratara de un adulto en determinadas circunstancias, cuando el acto constituiría un delito grave si en el mismo incurriere un adulto, y el niño fuera mayor de dieciséis años y menor de dieciocho.

(³) La edad de dieciocho años en el caso de menores figura prominentemente en disposiciones sobre la capacidad civil: a los fines de contraer matrimonio, artículo 70 del Código Civil, 31 L.P.R.A. sec. 232; a los fines de emancipación, artículo 233 del mismo código, 31 L.P.R.A. sec. 911.

tribunales ordinarios. *El Estado Libre Asociado de Puerto Rico, en interés del menor R . . . M . . . R . . .*, 83 D.P.R. 242 (1961); *Pee v. United States*, 274 F.2d 556, 561 (1959); Herman, *Scope and Purpose of Juvenile Court Jurisdiction*, 48 J. Crim. Law and Crim. 590 (1958); *"Exclusive" Jurisdiction of the Juvenile Court*, 59 W. Va. L. Rev. 362 (1957). La situación bajo la Ley 37 de 11 de marzo de 1915 (Leyes, pág. 73, 34 L.P.R.A. sec. 1941 y sigtes.) era distinta, pues aunque se creó un tribunal especial con jurisdicción exclusiva en los asuntos de menores, se consideraba a éstos como "delincuentes" (sec. 8, 34 L.P.R.A. sec. 1948); estaban sujetos a ser denunciados y si se les acusaba por delito grave, tenían derecho a juicio por jurado (sec. 6, 34 L.P.R.A. sec. 1956). *Mirabal v. Delgado*, 82 D.P.R. 591 (1961); *Irizarry v. Tribunal de Distrito*, 72 D.P.R. 189 (1951).

No hemos encontrado precedentes en otras jurisdicciones sobre el punto específico aquí envuelto. Sin embargo, se ha sostenido que personas que han intervenido en la realización de un acto criminal no son cómplices cuya declaración tenga que ser corroborada, por disponerlo así un estatuto o la doctrina de derecho común prevaleciente. En *Thorpe v. State*, 304 S.W.2d 309 (Tenn. 1957) se impugnó una convicción por el delito menos grave de fomentar la prostitución a base de que la prueba consistía en el testimonio de cómplices (varones que habían sostenido relaciones carnales con la víctima) que no habían sido corroboradas. Se indicó que como dicho estado no reconoce la existencia de cómplices en delitos menos graves, era innecesaria la corroboración. *Curry v. State*, 74 S.E.2d 249 (Ga. 1953) sostiene que no es necesario prueba de corroboración en un proceso por molestar menores con el propósito de saciar deseos sexuales, ya que sus edades (seis y ocho años) impide que se les considere como cómplices. En otras palabras, cuando por estatuto se considera a ciertas personas incapaces para cometer

crímenes, por razón de su edad, no pueden calificarse de cómplices, y no es necesario corroborar su testimonio para lograr y sostener una convicción. En el mismo sentido, véase, *Dutzler v. State,* 19 P.2d 326 (Ariz. 1933); cf. *People v. Moore,* 155 P.2d 403 (Cal. 1945). En *La Fray v. State,* 172 S.E. 115 (Ga. 1933) se sostuvo que en un proceso por pederastia alegadamente cometido con un menor de siete años, no se requería la corroboración del testimonio del menor, ya que por su tierna edad no estaba sujeto a ser procesado.

 El profesor Wigmore ([4]) explica que esta regla sobre la necesidad de la corroboración del testimonio de un cómplice obedece a la cautela y sospecha con que debe tomarse su declaración, fundada en una posible promesa o esperanza de que se le conceda inmunidad o un mejor trato por su participación en la comisión del delito. En otras palabras, el cómplice puede tener buenas razones para colocar su propio bienestar o libertad por sobre la del acusado. Ahora bien, cuando falta este elemento de promesa o esperanza de recibir inmunidad o clemencia, desaparece la razón para la aplicación de la regla. En el mismo sentido se pronuncian Wharton, *Criminal Evidence* (12a. ed.), vol. 2, sec. 447, pág. 227 y Underhill, *Criminal Evidence,* (5ta. ed.) vol. 1, sec. 181, pág. 371. Según indica Wigmore, la tendencia actual es a descartar el requisito de necesidad de corroboración de cómplices pues el peligro apuntado puede eliminarse mediante instrucciones adecuadas sobre el grado de confiabilidad del testimonio del cómplice, o sea, que debe pesarse con mucha cautela.

 Resolvemos, por tanto, que como el menor I . . . G . . . no estaba sujeto a ser *"procesado"* por el delito de escalamiento, no se trata de un cómplice cuyo testimonio necesite

---

([4]) Wigmore, *On Evidence,* 3a. ed., sec. 2057, pág. 322.

ser corroborado. Y no podía ser procesado porque la Ley 97 de 1955, supra, no establece un procedimiento de naturaleza criminal. No hay lugar, pues, a aplicar la regla de corroboración del testimonio de un cómplice, ni existe el elemento de promesa o esperanza de recibir inmunidad o clemencia, ya que no puede iniciarse un proceso criminal. Razones de orden público fortalecen esta conclusión. Una solución contraria constituiría una clara invitación a los criminales inescrupulosos para que, valiéndose de menores de edad en la gestión activa de los actos delictivos, violen impunemente la ley por la necesidad de corroboración del testimonio de los menores. Las consecuencias no sólo se reflejarían en la persecución del delito cometido por los adultos, sino que contribuiría a generalizar una práctica que fomentaría la delincuencia juvenil, y frustraría en no pequeña medida, la rehabilitación de los niños menores que el legislador proveyó en virtud de la ley mencionada mediante un procedimiento especial, divorciado de la connotación de proceso criminal que caracteriza el enjuiciamiento de los adultos.

Los otros dos errores señalados por los apelantes son claramente frívolos, *Pueblo* v. *Díaz*, 61 D.P.R. 696 (1943); *Pueblo* v. *Matos*, 81 D.P.R. 508, 516 (1959); *Pueblo* v. *Díaz*, 74 D.P.R. 375 (1953), y no pueden ser planteados por primera vez en apelación, *Pueblo* v. *Vázquez*, 75 D.P.R. 25, 30 (1953); *Pueblo* v. *Cariño*, 69 D.P.R. 864 (1949).

*No habiéndose cometido los errores señalados, se confirmará la sentencia dictada por el Tribunal Superior, Sala de Arecibo, en 29 de junio de 1959.*