EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* AMAURY LÓPEZ RIVERA, acusado y apelante.

*Número:* CR-66-7     *Resuelto:* 23 de mayo de 1967

*Santos P. Amadeo* y *Rafael Padró Parés,* abogados del apelante;
*J. F. Rodríguez Rivera, Procurador General Interino,* abogado de El Pueblo.

PER CURIAM: El apelante fue acusado conjuntamente con otros tres individuos del delito de escalamiento en primer grado. Fue convicto por tribunal de derecho. Ante nos señala dos errores.

■ En el primero arguye que la sentencia es nula porque el acusado no renunció expresa y personalmente el derecho a juicio por jurado. El planteamiento es frívolo. Del propio récord surge que luego que el abogado defensor informó al juez que renunciaban al jurado, tuvo lugar el siguiente diálogo entre el magistrado y el acusado

"P. ¿Su nombre?

R. Amaury López Rivera.

P. ¿Está conforme con que su caso se vea por el Juez y no por doce personas que se sientan ahí, oyen la prueba y juzgan a base de la prueba; ése es el jurado?

R. Con el Juez." (T.E. págs. 1–2.)

■ El segundo planteamiento de error consiste en argumentar que la sentencia es nula porque la única prueba que conectaba al acusado con la comisión del delito era la declaración de un cómplice. Tampoco tiene mérito este planteamiento. Al preguntársele la edad en el acto del juicio al testigo Rafael Santiago Oliveras, éste declaró que tenía 16 años. El juicio se celebró el 29 de agosto de 1962. Los hechos ocurrieron el 17 de octubre de 1961 y para la fecha de la comisión del delito el testigo tenía menos de 16 años, por cuya razón no era un cómplice. Por ser menor de 16 años dicho testigo no podía

incurrir en un delito sino en una falta y no podía ser enjuiciado criminalmente ni estaba sujeto a la jurisdicción de los tribunales ordinarios. Ley Núm. 97 de 23 de junio de 1955, 34 L.P.R.A. sec. 2001 y ss., Suplemento; *Pueblo* v. *Montalvo Acevedo*, 83 D.P.R. 727, 731 (1961).

La regla sobre la necesidad de la corroboración del testimonio de un cómplice obedece, se ha sostenido tradicionalmente, al cuidado con que debe tomarse su declaración ya que es posible que actúe motivado por alguna promesa de que se le concederá inmunidad o un trato mejor por su participación en la comisión del delito. Pero cuando no hay margen para este elemento de promesa o para la esperanza de recibir inmunidad o un trato mejor que el acusado, desaparece la razón para la aplicación de la regla. Eso ocurre en el caso de autos pues el testigo, ya que no podía ser acusado criminalmente, no puede presumirse que actuaba bajo promesa de inmunidad o con la esperanza de recibir un trato mejor que el acusado. *Pueblo* v. *Montalvo*, supra, pág. 733; Wigmore, *On Evidence*, 3a. ed., sec. 2057, pág. 322; Wharton, *Criminal Evidence* (12a. ed.), vol. 2, sec. 447, pág. 227 y Underhill, *Criminal Evidence* (5ta. ed.), vol. 1, sec. 181, pág. 371.

No se cometieron los errores señalados. *Se confirmará la sentencia apelada.*

El Juez Presidente Señor Negrón Fernández no intervino. El Juez Asociado Señor Santana Becerra concurre con el resultado.