EL PUEBLO DE PUERTO RICO, peticionario, *v.* TRIBUNAL SUPERIOR, SALA DE SAN JUAN, HON. MIGUEL GIMÉNEZ MUÑOZ, JUEZ, demandado; MIRIAM RIVERA VÁZQUEZ, interventora.

*Número:* O-70-2 *Resuelto:* 8 de septiembre de 1971

*Gilberto Gierbolini, Procurador General,* y *Dolores Ruiz de Zambrana, Procuradora General Auxiliar,* abogados de los peticionarios; *Elizabeth Armstrong de Watlington,* abogada de la interventora.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Un agente encubierto juró denuncia contra Miriam Rivera Vázquez por infracciones a la Ley de Drogas y Narcóticos de Puerto Rico, cometidas el 19 de septiembre de 1968. Un Juez de la Sala de Investigaciones determinó causa probable contra la denunciada y ordenó su arresto mediante orden de 15 de enero de 1969. Dicha orden fue diligenciada el mismo día en un apartamiento del caserío Nemesio R. Canales ocupándose allí y entonces por los agentes diligenciantes material delictivo consistente en drogas narcóticas.

Por los hechos ocurridos el 19 de septiembre de 1968 que dieron origen a la expedición de la orden de arresto, se formularon acusaciones contra la referida Miriam Rivera Vázquez ante el Tribunal Superior, Sala de San Juan, bajo los números G-69-295, 296 y 297 por infracciones a la Ley de Drogas y Narcóticos.

Por los hechos ocurridos el día 15 de enero de 1969 cuando se diligenció la orden de arresto, se formuló contra la acusada ante la misma Sala del Tribunal Superior, una acusación bajo los números G-69-298 y 299 imputándole dos cargos por infracciones a la propia Ley de Drogas y Narcóticos, habiéndose radicado además otras acusaciones por los mismos hechos contra el marido de la acusada.

Después de varios incidentes procesales, entre ellos solicitud sobre rebaja de fianza, examen psiquiátrico para determinar si la acusada estaba mentalmente capacitada para someterse a juicio, y posposiciones de la vista de los casos, fueron señalados todos para el 21 de mayo de 1969. En dicha fecha el abogado de la acusada solicitó que las acusaciones radicadas bajo los números G-69-295, 296 y 297 fueran trasladadas al Tribunal de Menores porque para la fecha en que ocurrieron los hechos imputados en dichas acusaciones—19 de septiembre de 1968—la acusada tenía menos de 18 años de edad. Comprobado ese hecho mediante la certificación de nacimiento de la acusada quien nació el día 17 de noviembre de 1950 y aceptado por el fiscal que el Tribunal de Menores no había renunciado su jurisdicción hasta ese momento, se ordenó el traslado de dichos casos al referido Tribunal de Menores.

En cuanto a los casos G-69-298 y 299 por los hechos ocurridos el 15 de enero de 1969, cuando ya la acusada era mayor de 18 años de edad, la defensa solicitó y le fue concedida la posposición del juicio habiéndose señalado nuevamente para el día 16 de julio de 1969, fecha en que también fue pospuesto para darle oportunidad a la defensa de formular por escrito un planteamiento de derecho.

Posteriormente la acusada presentó una moción solicitando la supresión de la evidencia ocupada el día 15 de enero de 1969, por ser la misma el producto de un registro ilegal incidental a un arresto ilegal ya que la orden de arresto expedida por un magistrado de la Sala de Investigaciones contra un menor de edad era nula. Para sostener la nulidad de la orden de arresto, alegó, en síntesis, que el magistrado que expidió la orden de arresto actuó sin jurisdicción porque no era un magistrado del Tribunal Superior, Sala de Menores; que dicho magistrado estaba impedido de expedir la referida orden de arresto ya que la Ley de Menores concede jurisdicción exclusiva al Tribunal Superior, Asuntos de Me-

nores; que solamente un magistrado de este tribunal está facultado en ley para ordenar el arresto de una menor y que la acusada era una "niña" cuando cometió las infracciones en septiembre de 1968, conforme a las disposiciones de la Ley de Menores, no obstante haberse expedido y diligenciado la orden de arresto cuando ya había cumplido 18 años de edad.

Se opuso el fiscal y luego de discutida dicha moción, el tribunal de instancia dictó resolución en 9 de septiembre de 1969, declarándola con lugar y ordenando la supresión de la evidencia solicitada por la acusada.

Expedimos un auto de *certiorari* para revisar dicha resolución.

La indicada resolución resuelve, en síntesis, 1) que la acusada no fue arrestada legalmente ya que la ley no autoriza el arresto de menores, 2) que la acusada no estaba sujeta a la jurisdicción de los tribunales ordinarios, ni podía ser objeto de un procedimiento criminal como lo es un arresto, y 3) que la acusada no podía ser objeto de la determinación de causa probable para su arresto por la comisión no de un delito y sí de una falta.

█ Los procedimientos judiciales en relación con menores se rigen por las disposiciones de la Ley Núm. 97 de 23 de junio de 1955, según ha sido enmendada y por las Reglas de Procedimiento para los asuntos de menores adoptadas por este Tribunal de conformidad con la autoridad que le concedió la propia Ley Núm. 97 y en vigor dichas reglas desde el 30 de julio de 1959.

█ Los menores que incurren en infracción o tentativa de infracción de cualquier ley estatal u ordenanza municipal, no cometen delito sino falta ([1]) y el procedimiento que contra ellos se sigue ante el Tribunal de Menores no es de naturaleza

---

([1]) *Muñoz Sullivan* v. *Jefe Penitenciaría*, 90 D.P.R. 632 (1964) ; *Pueblo* v. *López Rivera*, 94 D.P.R. 579 (1967).

criminal. ([2]) Un menor que infrinja o haya intentado infringir cualquier ley estatal u ordenanza municipal puede ser detenido. Art. 7 de la Ley; Regla 3 de Procedimiento del Tribunal Supremo en relación con asuntos de menores.

 Ahora bien, una vez un menor es detenido, y el hecho de su minoridad es conocible, en ese momento, el procedimiento a seguirse es el señalado en las referidas Reglas de Procedimiento de este Tribunal y no el señalado en las Reglas de Procedimiento Criminal para la detención y arresto de adultos. No se aplica a los menores el procedimiento señalado para la determinación por un magistrado de causa probable para el arresto.

De suerte que cuando un agente del orden público u otro funcionario interviene con un menor de 18 años de edad que ha infringido o intentado infringir una ley estatal u ordenanza municipal y conoce el hecho de la minoridad del infractor, los procedimientos a seguirse deben ajustarse a las disposiciones de la Ley Núm. 97 y a las Reglas de Procedimiento para los asuntos de menores adoptadas por el Tribunal Supremo de Puerto Rico. Mas puede ocurrir, como lo demuestran los hechos del presente caso, que la apariencia física del infractor, su conducta u otras circunstancias sean indicativas de que se trata de un adulto y que como tal se le procese. Si en cualquier etapa de estos procedimientos se comprobara que la persona procesada era un "niño" para la fecha de la supuesta comisión de los hechos delictivos, deberá trasladarse el caso al Tribunal de Menores donde se seguirán en su contra los procedimientos señalados en la Ley Núm. 97 y las Reglas de Procedimiento adoptadas por el Tribunal Supremo para los asuntos de menores. Así se hizo con los casos números G-69-295, 296 y 297, cuando después de varias suspensiones del juicio se comprobó ante el Tribunal Superior, Sala de San Juan, que para la fecha

----

([2])*Pueblo* v. *Montalvo Acevedo,* 83 D.P.R. 727 (1961). *E.L.A. en Interés R.M.R.*, 83 D.P.R. 242 (1961).

de la comisión de los hechos delictivos imputados en dichos casos, la acusada era mayor de 17 años pero menor de 18 años, y era por tanto, para dicha fecha una "niña" según las disposiciones de la susodicha Ley Núm. 97. [3]

Mas no podemos convenir con la acusada, en que los procedimientos ordinarios aplicables a los adultos seguidos en su contra cuando se desconocía el hecho de su minoridad, están de tal suerte viciados de nulidad, que la orden para su arresto y el registro practicado con motivo de dicha orden, cuando ya era mayor de 18 años de edad, sean nulos, y como consecuencia, inadmisible en evidencia el material delictivo que se le ocupara en esa ocasión.

No nos impresiona el argumento de que el juez que expidió la orden de arresto contra la acusada no tenía autoridad para ello por tratarse de una "niña", quien por disposición de la Ley de Menores no comete delito sino falta. En primer lugar, el hecho de que la acusada era niña no era conocible por el agente del orden público que juró la denuncia ni por el magistrado que determinó causa probable para su arresto y en segundo lugar, un arresto puede ser legal aun cuando posteriormente se determine que la persona arrestada no cometió el delito. *Cf. Cepero Rivera* v. *Tribunal Superior*, 93 D.P.R. 245–249 (1966).

Una persona mayor de 16 años de edad y menor de 18 años de edad, a quien se le impute la infracción de una ley estatal, puede ser procesada como adulta si el Tribunal de Menores renuncia su jurisdicción. 34 L.P.R.A. sec. 2004. Bajo estas circunstancias, que no estan presentes en este caso, el argumento sobre nulidad de los procedimientos seguidos contra ella como adulta, se debilitaría grandemente. Mas la decisión sobre la legalidad o ilegalidad de los procedimientos no debe descansar en la decisión posterior del Tribunal de Menores de renunciar su jurisdicción. El criterio más ade-

---

[3] En relación con esta cuestión bajo la Ley de Menores de 1915, véase *Pueblo* v. *Luciano*, 77 D.P.R. 597 (1954).

cuado en cuanto a la legalidad de los procedimientos debe ser el de si al expedirse la orden de arresto conforme a las disposiciones de las Reglas de Procedimiento Criminal, a las autoridades concernidas le era conocible el hecho de la minoridad de la persona contra quien se expidió la orden. Ya hemos dicho que este caso no lo era.

Por las consideraciones expuestas estimamos que el tribunal de instancia *incidió al dictar su resolución ordenando la supresión de la evidencia ocupada a la acusada al ser arrestada, y en su consecuencia debe revocarse dicha resolución y devolverse el caso para ulteriores procedimientos.*

El Juez Presidente, Señor Negrón Fernández, no intervino.